## MANN v. BRAGG.

District Court, E. D. Arkansas, Jonesboro Division.

Jan. 24, 1939.

Miles & Miles, of Memphis, Tenn., and Chas. D. Frierson, of Jonesboro, Ark., for plaintiff.

Wils Davis, of Memphis, Tenn., and Arthur L. Adams, of Jonesboro, Ark., for defendant.

TRIMBLE, District Judge.

This cause was tried to a jury, submitted to them on instructions as to assessment of damages if verdict for plaintiff was returned. After being out for several hours they returned a verdict for the plaintiff, assessing the damages at one dollar, and the court taxed the costs against the defendant.

This is not like an ordinary case. In this case a crazy negro was loose on the streets of West Memphis, Arkansas, and was throwing rocks and bricks through a bus carrying passengers, threw a brick at a white woman and knocked her unconscious, was also throwing cans of oil through passing cars, windows and at people, and was a menace and danger on the streets to the citizens of the community. It also appears that the officers of the town were in attendance on court a short distance away in the same county and there were no officers in town for the enforcement of the law. The mayor of the town, who possessed the legal right to do so, called Mr. Bragg to act as an officer. This was necessary to prevent the negro from injuring someone in the town or someone injuring him. Soon after the defendant Bragg arrived on the scene of the disturbance a state highway officer appeared, and while he was assisting the highway officer in securing and keeping control of the negro, the negro secured a tire tool and was attacking the highway officer, the defendant Bragg shot and killed the negro, and in so doing seriously injured the plaintiff, a bystander. At the time of the shooting, if the facts were as detailed by the defendant, he shot to prevent the officer or someone else being seriously injured or even killed.

While the evidence in this case was conflicting it was of necessity to be submitted to the jury upon the questions of fact, and had the jury brought in a verdict for the defendant the Court feels that it would not be justified in setting the verdict aside.

The close conflict in the evidence in this case is evidenced by the fact that this is the second trial, the first trial having resulted in a hung jury, and the question being close as to whether or not the defendant was liable, I see no reason to say that the verdict is inconsistent. While I cannot say what the jury had in mind, they may have felt that the defendant was not liable, but desired that the costs be taxed against the defendant to end the litigation.

Therefore the motion for new trial is overruled.